COPE, J.
(dissenting).
On consideration of the motion for rehearing filed by defendant-appellant Juan Jose Hernandez, I withdraw my separate opinion filed December 27,- 2000, and substitute the following opinion.
I respectfully dissent. In my view, the curative instruction given by the trial court was insufficient to remedy the discovery violation. There should be a new trial.
Defendant was charged with armed robbery and armed carjacking in several cases which were consolidated for trial. In pretrial discovery, the State’s discovery response told the defense, “There are no tangible papers or objects obtained from or belonging to the accused.” (Emphasis added).
At trial, a police officer testified that he had found jewelry belonging to one of the victims in defendant’s pocket. The defense moved for a mistrial. The trial court conducted a Richardson[1] hearing to determine if there had been a discovery violation.
The State argued that during a deposition taken in a related case, there was a statement by one of the crime victims which should have alerted defense counsel that jewelry had been recovered from the defendant. The State also argued that the fact that jewelry had been recovered was disclosed on a property receipt which, had been provided to the defense.
After hearing extensive argument, and reviewing the property receipts and portions of the depositions that were being discussed, the court concluded that at no point had the defense been placed on notice that one victim’s jewelry had been found on the person of the defendant:
THE COURT: But again, they field interrogated people and it doesn’t say they took it from Mr. Hernandez. I tell you, I have got a real problem with it, all right.
THE COURT: What I am going to do, I am going to give the jury a cura *1016 tive instruction that they re to disregard the testimony of Officer Guell regarding where he got the jewelry from.
TR. 90-91. The court ruled that the discovery violation was substantial but inadvertent, and that a curative instruction would be an adequate remedy.
The court instructed the jury as follows:
[I]f you recall yesterday we had an officer here from Miami, Officer Guell. Among ... the things he testified is that during this so called field interrogation, if you remember, that he made of the defendant and two other individuals, at that time, he impounded from the person of the defendant two items of jewelry. Okay, ... the chain and a ring. Okay, and I am hereby instructing you, now, that you are to completely disregard and not consider as part of your deliberations and considering in rendering you[r] verdicts that specific testimony about the items and where they were recovered from.
Now, you may consider that the items were, in fact, recovered at some point during the field interrogation and that’s that item turned out to be identified by Mr. Mauri ... as being the items that were taken from him during the course of the robbery. You may not under any circumstance consider that those items were taken from the person of Mr. Hernandez, the defendant in this case.
TR. 95-96.
We ordinarily expect jurors to obey a curative instruction, but in this case the police officer told the jury he found the victim’s jewelry in the defendant’s pocket. The jurors cannot be expected to erase that fact from their memories.
The court’s curative instruction could not ‘unring the bell’ .... ” Cornatezer v. State, 786 So.2d 1217, 1218-19 (Fla. 5th DCA 1999). “When any curative instruction would be insufficient, the trial court should grant a mistrial.” Henderson v. State, 789 So.2d 1016, 1018 (Fla. 2d DCA 2000).
“A motion for mistrial should be granted when it is necessary to ensure that the defendant receives a fair trial. A mistrial is appropriate where the error complained of is so prejudicial that it vitiates the entire trial.” Cornatezer, 736 So.2d at 1218 (citations omitted).
The majority opinion indicates that “this is not a case where the surprise to the defense rendered it unable to prepare adequately for trial.” Majority opinion Hernandez v. State, 111 So.2d 1021 at 1022 (Fla. 3d DCA 2000) (citations omitted). To the contrary, the entire defense was mis-identification, and in opening statement the defense had suggested, among other things, that there would be no physical evidence tying defendant to the crimes.
The trial judge himself concluded that there was a substantial (although inadvertent) discovery violation which was harmful to the defendant. That conclusion is supported by the record. The only point of disagreement is whether the curative instruction rectified the situation. While reluctant to second guess the trial judge, I do not believe the curative instruction was an effective remedy under the circumstances of this case.[2]
There should be a new trial.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. In the motion for rehearing, the defendant has sought to supplement the record with the discovery depositions which were discussed with the trial judge during the Richardson hearing. These were not made part of the trial court record. One of the deposition pages that the parties presented to the judge was specifically identified in the Richardson *1017 hearing transcript. As to that page, supplementation is proper. Apart from that one page, the depositions are not properly before us in this appeal. We must rule on this appeal in the context of the record made during the Richardson hearing.
While the State has argued in this appeal that the facts about the jewelry came out during the deposition and thus there was no discovery violation at all, that was merely the State's argument to the trial judge — which the trial judge rejected. The trial judge during the Richardson hearing could find no point at which depositions or documents placed the defense on notice that one victim's jewelry had been found in the defendant's pocket.